IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) )  Criminal No. 19-258 |
| PEDRO ROSA, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Pending before the court is a motion to reduce sentence (ECF No. 116) filed pro se by defendant Pedro Rosa ("Rosa"). Rosa's letter was forwarded to the public defender's office, which declined to file a motion on his behalf. Upon learning that a counseled motion would not be filed, the court ordered a response from the government. (ECF No. 117). The government filed a response, opposing the motion. (ECF No. 118). The motion is ripe for disposition.

On December 14, 2021, defendant Pedro Rosa ("Rosa" or "defendant") pleaded guilty to possession with intent to distribute 400 grams or more of fentanyl and heroin on August 1, 2019, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(i). The statutory minimum term of imprisonment is 10 years, and the statutory maximum term of imprisonment is life, pursuant to 21 U.S.C. 841(a)(1) and (b)(1)(A)(vi). Rosa, however, qualified for the safety valve, and, therefore, the court was authorized to impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence.

As determined in the presentence investigation report and the court's Tentative Findings and Rulings, Rosa's offense level was 25 (ECF Nos. 89, 103). At sentencing, the court

1

granted a 2-level departure for his minor role in the offense.[1]  His criminal history score is 0. (ECF No. 103).

On June 2, 2020, the court sentenced Rosa. Based upon a total offense of 23 and a criminal history category of I, the advisory guideline imprisonment range used for sentencing was 46 months to 57 months.  (ECF No. 108).  The court varied downward and sentenced Rosa to a term of imprisonment of 36 months, followed by 3 years of supervised release. *Id.*

Discussion

Rosa seeks a sentence reduction under Amendment 821, which created a new guideline, U.S.S.G. § 4C1.1, for 0-point offenders.  Rosa acknowledges that he received a sentence below the applicable guideline range, but seeks a reduction based on his post-sentence rehabilitation efforts and individual circumstances.  The government acknowledges that Rosa is a 0-point offender who qualifies for relief under § 4C1.1, but contends that Rosa does not qualify for a sentence reduction because he was already sentenced below the applicable guideline range.

With respect to motions for sentence reductions, § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with U.S.S.G. § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Rosa does not qualify at step 1 and, therefore, the court does not reach step 2 of the analysis.  The policy statement in § 1B1.10 provides, in relevant part:

---

[1] The government's response (ECF No. 118 at 2) failed to recognize this additional reduction in the guideline calculation.

>Except as provided in subdivision (B), the court **shall not reduce** the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is **less than the minimum of the amended guideline range** determined under subdivision (1) of this subsection.

U.S.S.G. 1B1.10(b)(2) (emphasis added).

New guideline § 4C1.1 provides that if a 0-point offender "meets all" of the 10 listed criteria, the offense level is reduced by 2 levels. The government does not challenge Rosa's satisfaction of all 10 criteria. Thus, his offense level would be reduced by 2 levels (from 23 to 21). He remains in criminal history category I.

The advisory guideline range used at the original sentencing was 46-57 months. Had Rosa been sentenced after the amendment, based on an offense level of 21, his advisory guideline range of imprisonment would be 37 to 46 months (Sentencing Table). Rosa's actual sentence was 36 months. Because Rosa's actual sentence is already "less than the minimum of the amended guideline range," a further reduction would not be consistent with § 1B1.10(b)(2).

<u>Conclusion</u>

For the reasons set forth above, the motion to reduce sentence (ECF No. 116) filed pro se by defendant Pedro Rosa will be denied.

An appropriate order will be entered.

By the court,

Date:  July 11, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge